F. Ray **MARSHALL,** Secretary of Labor, Petitioner,

v.

B. W. **HARRISON LUMBER COMPANY,** and Occupational Safety and Health Review Commission, Respondents.

No. 76–2619.

United States Court of Appeals, Fifth Circuit.

March 23, 1978.

Carin A. Clauss, Sol., Benjamin W. Mintz, Assoc., Michael H. Levin, Dennis K. Kade, Attys., U. S. Dept. of Labor, Washington, D. C., for petitioner.

William R. Childers, Jr., Monroe, Ga., Allen H. Sachsel, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for respondents.

PETITION TO REVIEW AN ORDER OF THE OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

An employer cited for violations of the Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651 *et seq.*, failed to contest the citation. In a subsequent proceeding under a notification of a failure to correct the violation, the employer claimed that the citation inadequately described the particular violations. We agree that the citation's description was inadequate and that the citation did not provide a basis for a subsequent failure-to-correct action.

Congress established an administrative procedure for enforcement of OSHA involving a division of enforcement and adjudicative responsibilities between two agencies, each independent of the other. The Secretary of Labor promulgates regulations, inspects employers, and issues citations when an employer is found in violation of the statute or regulation. An employer cited for a violation has an opportunity to be heard by an administrative law judge appointed by the Occupational Safety and Health Review Commission and, if a Commission member so directs, by the Commission itself. Under the enforcement scheme a citation may lay the basis for a later failure-to-correct action. The citation establishes the nature of the violation and a date by which the employer should correct the violation. Should the employer fail to correct the violation by that date, the Secretary may notify the employer and begin a failure-to-correct action. An employer may be penalized on either a citation or a failure-to-correct notification. Although the procedures for a citation and a failure-to-correct notification are very similar, *compare* 29 U.S.C. § 659(a) *with id.* § 659(b), larger penalties may be imposed under a failure-to-correct notification. On a citation an employer "may be assessed a civil penalty of up to $1,000 for each such violation," 29 U.S.C. § 666(c),[1] whereas on a failure-to-correct notification an employer "may be assessed a civil penalty of not more than $1,000 for *each day* during which such failure or violation continues." 29 U.S.C. § 666(d) (emphasis added).

When an employer receives a citation, he has 15 working days to give notice that he intends to contest the citation. If he gives notice he may contest the citation in a hearing before an administrative law judge. If he fails to give notice the citation and the proposed assessment of penalty "shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a). Similarly an uncontested failure-to-correct notification

---

1. If the employer is cited for a "serious violation," *see* 29 U.S.C. § 666(j), the assessment of a penalty is mandatory. 29 U.S.C. § 666(b).

will be deemed a final and unreviewable order. 29 U.S.C. § 659(b).

 In this case an OSHA compliance officer—an industrial hygienist—inspected the employer, Harrison Lumber Company, which runs a small north Georgia sawmill. During the inspection he indicated to either Mr. Harrison, the sawmill's president and owner, or his son, or both of them, work stations where the noise level was too high. Afterwards he discussed what steps the employer could take to learn how to reduce the noise to an acceptable level. The Secretary subsequently issued a citation which described two violations in a general way, basically repeating the language of particular regulations.[2] the citation read:

§ 1910.95(b)(1): Employer failed to use feasible administrative or engineering controls when sound levels exceeded those stated in Table G–16 (Request a Compliance Plan be submitted as well as a progress report every 30 days).

§ 1910.95(b)(3): Employer failed to provide a continuing and effective hearing conservation program.

The employer did not contest this citation.

About five months later the OSHA compliance officer returned to reinspect the employer. He found the violations uncorrected. The Secretary issued a failure-to-correct notification, which the employer contested in a hearing before an administrative law judge. The ALJ held that the citation had inadequately described the violations. The Secretary urged that the employer could no longer complain of that defect because the citation had become an unreviewable final order, but the ALJ held that because of the defect the citation was void and without legal effect. The Commission affirmed the ALJ's decision in a split decision. One Commission member affirmed on the basis of the ALJ's opinion. Another was unwilling to label the citation as void but agreed that it was unenforceable in a failure-to-correct action. The third Commission member dissented. He would

have held that the citation was adequate and even if it was inadequate, the employer's actual knowledge of the nature of the violations in the circumstances of the inspection cured any defect.

The first question we must answer is whether in a failure-to-correct action an employer can object to the particularity of an uncontested citation. This question turns on the statute's provisions, but the answer can be reached only by inference. The statutory provisions that have some bearing on this question are: first, the treatment of an uncontested citation as a final order; second, the explicit mention of issues that the employer can raise in a failure-to-correct action; and, third, the requirement that citations be in writing.

 The statute provides that an uncontested citation or failure-to-correct notification will be considered a final and unreviewable order. 29 U.S.C. §§ 659(a), (b). The effect of this provision is directed at the Secretary's enforcement proceedings under 29 U.S.C. § 660(b). The Senate Report on OSHA said that an uncontested citation or failure-to-correct notification will be considered a final order "for the purposes of enforcement" under that subsection. 1970 U.S.Code Cong. & Admin. News, pp. 5209–10. Section 660(b) authorizes the Secretary to petition a federal court of appeals for enforcement of an order, and enforcement, in the context of an uncontested citation, comprehends simply the clerk of the court of appeals entering a decree enforcing the order, 29 U.S.C. § 660(b), which lays a basis for the collection of any assessed penalties in a subsequent contempt proceeding. *Id.* Thus, the primary effect of an uncontested citation's being deemed a final order is that the proposed penalty can be collected. It is clear, however, that the statute intends that in the ordinary case failure to contest a citation will also foreclose in a failure-to-correct action objections that could have been raised to the citation, most specifically, the

**2.** Although the citation describes two violations, the violations are interrelated. An employer has an obligation to provide a hearing

conservation program only when noise levels exceed the permissible limits. *See* 29 C.F.R. § 1910.95.

fact of violation. Some evidence that the statute intends such a result can be gathered by examining the objections which the statute allows to be raised in a failure-to-correct action.

The statute contemplates that in a failure-to-correct action an employer may challenge either the factual conclusion that he has failed to correct a violation for which a citation has been issued within the period permitted for its correction or the proposed assessment of penalty. *See* 29 U.S.C. § 659(b). The statute expressly mentions another issue that an employer may raise in a failure-to-correct action. The employer may show "a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his reasonable control." 29 U.S.C. § 659(c). The statute makes such a provision even though the issue of the feasibility of correction and the time permitted for correction could have been raised by contesting the citation. The order resulting from a citation, whether contested or uncontested, is at least not dispositive of this issue.[3] The Senate Report noted that, when an employer shows good faith efforts to comply, the citation's correction requirements may be reviewed and modified "even though the citation has otherwise become final." 1970 U.S.Code Cong. & Admin. News, p. 5192. The express allowance of one specific objection suggests a statutory intent to foreclose at least some other objections.

The final order resulting from a citation sets forth principally two things: the finding of a violation and the time for correction of the violation. The presumed statutory intent to foreclose objection thus basically means that the employer may not protest that there was no violation at the time of the citation—the order is dispositive of that issue. Congress may have expected, however, that the statutory procedure would be followed, and thus the presumed statutory intent to foreclose objections does not necessarily extend to objections about procedural defects that may affect the integrity of the failure-to-correct action. An insufficiently particular citation presents just such a defect. The statute requires that the citation be "in writing and . . describe with particularity the nature of the violation." 29 U.S.C. § 658(a). In part this requirement subserves the goal of providing fair notice to the employer. In this case the employer had actual notice (at least as to one of the violations), so there might be little harm to him in proceeding. An uncontested citation, however, provides the basis for a failure-to-correct action, so the requirement also subserves the goal of providing a written record to facilitate further action. An uncontested citation effectively serves as the findings of fact as to the nature of the violation. A citation that is insufficiently particular frustrates further action. In this case the one Commission member in the majority who wrote an opinion was sensitive to this problem. He said: "We must be able to interpret the citation to determine if the employer has failed to comply with its requirements. If the citation is so lacking in specificity that we cannot determine what action was required of the employer, then we cannot find a failure to abate."[4] Although the Commission could always determine through a

---

**3.** Thus, the lumber company could have argued that the insufficient particularity of the citation prevented the lumber company from correcting the violations as part of a showing of a "good faith effort" under this subsection. The subsection, however, primarily encompasses situations where the employer has gone forward with corrective measures and, as such, is not truly appropriate for the situation this case presents.

**4.** The Commission member also quoted a footnote dictum from a D. C. Circuit case:

"Obviously an employer cannot be penalized for failing to correct a condition which the citation did not fairly characterize. Thus, before penalizing a failure to correct a cited violation, the Commission must satisfy itself that the citation defines the 'uncorrected' violation with particularity."

*National Realty & Constr. Co. v. OSHRC,* 160 U.S.App.D.C. 133, 140–141, 489 F.2d 1257, 1264–65 n. 31 (1973).

hearing—as it did in this case—the action required of the employer, the statute establishes a summary proceeding in which the Commission should be able to rely on the unambiguous notice given in the citation itself. This consideration strongly weighs against foreclosing objection to the particularity of the citation in a failure-to-correct action. Accordingly we read the statute to permit the employer to object to the particularity of an uncontested citation in a failure-to-correct action.

Our decision leads to a seemingly incongruous result. If the Secretary issues an insufficiently particular citation to an employer and the employer contests the citation, his objection to the defect will not prevent enforcement; any ambiguity in the citation may be cured in the hearing.[5] If the employer instead fails to contest the citation, his objection to the defect seems to prevent enforcement. Another seeming oddity is that had the Secretary issued a citation rather than a failure-to-correct notification and the employer contested the citation—as he did the notification—the hearing could have cured any ambiguity and the Commission could have proceeded to assess a penalty, as large or larger than the proposed penalty in this case.[6] *Compare* 29 U.S.C. § 666(c) *with id.* § 666(d).

■ Each of these apparent incongruities is dispelled by recognition that the statute proscribes two separate types of offenses, a violation and a failure to correct a violation. Allowing an objection to be raised in a failure-to-correct action does not frustrate enforcement directed at the violation. In this case the employer has presumably already paid the penalty assessed for his violations. Moreover, once an employer has been found in violation of the statute or regulations, he is given a period of time to correct the violation; further enforcement is predicated on the employer's failure to correct the violation within the established time. Even though at the time the failure-

to-correct notification was issued the employer was in violation of the statute and regulation—a fact established in the hearing before the administrative law judge—the statutory scheme provides that the Secretary should proceed to establish a failure to correct a violation rather than simply a violation.

■ Because we hold that an employer may object to the particularity of an uncontested citation in a failure-to-correct action, we examine the citation involved in this case. We agree with the ALJ and the Commission majority that the citation was insufficiently particular. The statute specifically provides:

> Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the chapter, standard, rule, regulation, or order alleged to have been violated.

29 U.S.C. § 658(a). In this case the citation referred to the regulations alleged to have been violated, but it failed to describe *with particularity* the nature of the violations. The statute does not require that the description of the violation be elaborate or technical or drafted in a particular form. It does require that the description fairly characterize the violative condition so that the citation is adequate both to inform the employer of what must be changed and to allow the Commission, in a subsequent failure-to-correct action, to determine whether the condition was changed. The statute does not, however, require that the citation specify what corrective measures should be taken, and indeed the employer is often free to correct the violation as he sees fit.

■ In this case the citation should have noted the particular work stations where the noise was excessive. Thus informed, the employer would be able to correct the noise levels at those locations. He could also comply with the statute's requirement that he post the citation, or a

---

**5.** *National Realty & Constr. Co. v. OSHRC*, 160 U.S.App.D.C. 133, 140, 489 F.2d 1257, 1264 (1973); *REA Express, Inc. v. OSHRC*, 495 F.2d 822, 826 (C.A.2, 1974).

**6.** The failure-to-correct notification proposed a penalty of $1875.

copy of the citation, "at or near *each place* a violation referred to in the citation occurred." 29 U.S.C. § 658(b) (emphasis added). Lacking this information, the citation was inadequate to inform the employer of what must be changed or to allow the Commission to rely on the citation in a failure-to-correct action.

The citation was also inadequate in referring simply to a "hearing conservation program," a term derived from the regulations.[7] The regulations require a hearing conservation program when the noise level in a work area is excessive, and the employer must rely on administrative controls to limit the duration of each employee's exposure to the noise or on ear protection to reduce the noise level actually reaching the employee's ears. The employer must periodically check both the hearing ability of individual employees and the noise level in the work areas. These periodic checks are intended to ensure that employees will not suffer hearing loss, particularly to detect an individual's hearing loss before it becomes serious. The simple statement that an employer has failed to provide a continuing and effective hearing conservation program failed to inform the employer, presumably ignorant of all the term signifies, of what must be changed, although it was certainly adequate for the better informed Commission to rely on the citation in a failure-to-correct action.

The decision of the Commission is AFFIRMED.

---

**7.** 29 C.F.R. § 1910.25(b)(3). *See* Guidelines to the Department of Labor's Occupational Noise Standards (Bulletin 334, Rev. 1971).