In re BRIAN PRICE LEWIS, Debtor,

WILLIAM ISELIN & CO., INC.,
Plaintiff,

v.

Brian Price LEWIS, Defendant.

Bankruptcy No. 80–00088R.
Adversary No. 80–0045R.

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

Aug. 5, 1980.

Morris W. Macey, Karen Fagin White, Macey & Zusmann, Atlanta, Ga., for defendant.

Robert E. Tritt, Bruce M. Edenfield, Hicks, Maloof & Campbell, Atlanta, Ga., for plaintiff.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

The matters involved herein were brought before the Court on Defendant's motion to dismiss Plaintiff's complaint to determine dischargeability of debt and to deny discharge. Having considered Defendant's brief and the pleadings on file, the Court makes the following entry:

## FINDINGS OF FACT

1. Brian Price Lewis (hereinafter referred to as "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on March 31, 1980.

2. The debt allegedly owed by Debtor to William Iselin & Co., Inc. (hereinafter referred to as "Plaintiff") is scheduled in Debtor's petition as an unsecured debt that is disputed, contingent and unliquidated.

3. Plaintiff claims that it is owed money by Debtor under a factoring agreement be-

tween the parties. There is a pending lawsuit concerning this agreement.

4. Debtor's Chapter 13 Plan proposes to pay 0% of Plaintiff's claim. However, in the event this Court finds Debtor is liable to Plaintiff under the factoring agreement, the claim will be treated as an unsecured debt and Debtor will pay 3% of the amount due.

5. On April 28, 1980 Plaintiff filed a "Complaint to Determine Dischargeability of Debt and to Deny Discharge." The Complaint alleges that Debtor, while a director of Ideal Carpets, Inc., entered into a conspiracy with other directors to defraud Plaintiff. Plaintiff contends that as a result of the alleged fraud and conspiracy Debtor has become indebted to Plaintiff for the amount of Plaintiff's claim. It is argued that this alleged indebtedness is nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). Plaintiff further asserts that Debtor's conduct renders him ineligible for a discharge.

6. A "Motion to Dismiss Complaint of William Iselin & Co., Inc." was filed by Debtor on May 23, 1980. Debtor contends that Plaintiff's complaint does not state a claim for which relief can be granted.

## APPLICABLE LAW

The applicable statutory provision is 11 U.S.C. § 1328(a) which reads:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by · the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1322(b)(5) of this title; or
(2) of the kind specified in section 523(a)(5) of this title.

It is a general rule of statutory construction that when certain matters are expressly provided for in a statutory provision, other matters which were not included in the express provision are excluded by implication. *United States v. Robinson*, 359 F.Supp. 52 (S.D.Fla.1973). See also *Marshall v. B. W. Harrison Lumber Company*, 569 F.2d 1303 (5th Cir. 1978); *Bott v. American Hydrocarbon Corp.*, 458 F.2d 229 (5th Cir. 1972). Section 1328(a)(2) of the Bankruptcy Code specifies only one paragraph of Section 523, subsection (a) under which an interested party may object to the dischargeability of a debt in a Chapter 13 case. That paragraph concerns indebtedness for the maintenance and support of a spouse or child. By implication the other grounds for denial of the discharge of a debt enumerated in Section 523(a) are excluded from Section 1328(a)(2). Therefore it appears that debts which would be otherwise nondischargeable under the provisions of subsection (a) of 11 U.S.C. § 523 are dischargeable in a Chapter 13 case with the exception of family support obligations.

Case law concerning the issue presented herein is understandably sparse considering the youth of the Bankruptcy Code. However the courts have consistently held that upon completion of a plan under Chapter 13 the debtor is granted a discharge of all debts including those that would be nondischargeable in Chapter 7 proceedings with the exception of family support obligations and long term payments which extend beyond the payment period of the plan. *In Re: Burrell*, 2 B.R. 650, 1 CBC 2d 474 (Bkrtcy.N.D.Calif.1980); *In Re: Marlow*, 3 B.R. 305, 1 CBC 2d 705 (Bkrtcy.N.D.Ill. 1980); *In Re: Keckler*, 3 B.R. 155, 1 CBC 2d 574 (Bkrtcy.N.D.Ohio 1980).

The Court concludes that debts which would be nondischargeable under 11 U.S.C. § 523(a)(2), (4) or (6) in a Chapter 7 case are dischargeable in a case filed under Chapter 13 of the Bankruptcy Code. However the creditor of a Chapter 13 debtor is not without remedy. Protection is afforded to creditors by 11 U.S.C. § 1325 which specifies the requirements for confirmation of a Chapter 13 plan. A creditor has standing to object to confirmation on the ground that the plan does not fulfill the requirements of 11 U.S.C. § 1325.

Plaintiff also argues that Debtor should be denied a discharge. Objecting to the discharge of a Chapter 13 debtor is discussed in Judge Joe Lee's article "Chapter 13 nee Chapter XIII", Am.Bankr.L.J. 303 (Fall 1979).

There is no provision for an objection to the discharge of a debtor in a Chapter 13 case, other than a possible contest with respect to the issue of whether the debtor is entitled to a hardship discharge. By virtue of its physical location in Chapter 7, section 727 of the Code, which contains an enumeration of the grounds for objecting to the discharge of a debtor, is applicable only in liquidation cases, unless otherwise provided in the Code. There is no provision in Chapter 13 making section 727 applicable to a Chapter 13 case."

*Id.* at 324.

Where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed. 82 C.J.S. Statutes § 366a p. 813; cf. *General Electric Company v. Southern Construction Company*, 383 F.2d 135 (5th Cir. 1967) cert. denied 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148 (1968). This maxim is applicable to the construction of different parts of a single statute for statutory provisions are regarded as in pari materia where they are parts of the same statute. 73 Am.Jur.2d Statutes § 191 p. 389.

That there is no section under Chapter 13 enumerating exceptions to a debtor's discharge or incorporating into this Chapter the exceptions to discharge specified in Section 727 evinces an intention on the part of Congress to exclude such a provision. The Court therefore concludes that Chapter 13 does not contemplate exceptions to the discharge of a Chapter 13 debtor.

It is a well established rule that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of the claim. *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971); *Des Isles v.*

*Evans*, 200 F.2d 614 (5th Cir. 1952). In determining whether to grant the motion the court must view the allegations of the complaint in the light most favorable to the plaintiff, accepting as true all well pleaded facts. *Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966).

For the purpose of determining whether Debtor's motion to dismiss should be granted this Court accepts as true the allegations that Debtor, while acting as a director of Ideal Carpets, Inc., entered into a conspiracy with other directors to defraud Plaintiff and that as a result of said fraud and conspiracy Debtor has become indebted to Plaintiff.

It is Plaintiff's contention that this indebtedness is nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). Had this been a Chapter 7 case, the debt might have been nondischargeable. However, this is a Chapter 13 proceeding and by virtue of the provisions of 11 U.S.C. § 1328(a) such a debt is dischargeable.

Plaintiff also contends that Debtor should be denied a discharge. However Chapter 13 makes no provision for objection to the discharge of a debtor.

The Court concludes that Plaintiff would not be entitled to the relief requested in its complaint under any state of facts which could be proved in support of Plaintiff's claims.

## CONCLUSIONS OF LAW

1. Upon completion of a plan under Chapter 13 the debtor is granted a discharge of all debts with the exception of family support obligations and long term payments which extend beyond the payment period of the plan.

2. Debts which would otherwise be nondischargeable under 11 U.S.C. § 523(a)(2), (4) or (6) are dischargeable in a Chapter 13 case.

3. Chapter 13 does not contemplate objections to the discharge of a debtor.

4. Plaintiff would not be entitled to the relief requested in Plaintiff's complaint un-

der any set of facts which could be proved in support of its claims.

It is therefore ORDERED that Debtor's motion to dismiss Plaintiff's complaint shall be and same is hereby granted.