[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10816
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00730-TCB

RAJESH M. PATEL,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT BHDD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 8, 2012)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Rajesh M. Patel appeals *pro se* from the district court's denial of his employment discrimination action filed under Title VII, alleging retaliation and discrimination based on race, gender, and national origin. Patel's only argument on appeal is whether the district court erred in denying him leave to amend his complaint on the ground that any amendment would be futile.

A district court's decision to deny leave to amend based on futility is a legal conclusion, and we review such decisions *de novo*. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008).

Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule goes on to state that "[t]he court should freely give leave when justice so requires." *Id*. Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment. *Maynard v. Bd. of Regents of Div. of Univs. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003). Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citations omitted).

In order to survive a motion to dismiss, a plaintiff must plead "enough facts

2

to state a claim to relief that is plausible on its face," rather than merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Under Title VII, it is unlawful for an employer to discharge or discriminate against any individual on the basis of his race, gender, or national origin. 42 U.S.C. § 2000e-2(a)(1). Where a plaintiff does not allege direct evidence of discrimination, courts often apply the *McDonnell Douglas*[1] framework in testing the claim. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006). Under *McDonnell Douglas*, a plaintiff may establish a *prima facie* case for discrimination by showing: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees who were not members of the plaintiff's class more favorably; and (4) he was qualified for the job at issue. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-43 (11th Cir. 2000).

It is also unlawful for an employer to discriminate against any employee in retaliation for filing a complaint. 42 U.S.C. § 2000e-3(a). A plaintiff may establish a *prima facie* case of retaliation by showing: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

3

was a causal relationship between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Patel, in his initial complaint, failed to provide any factual allegations that he was subject to discrimination or retaliation. He presented no allegation that a comparable person not of his protected class was treated more favorably, nor that he suffered any adverse employment action as a result of engaging in protected expression. Patel's motion for leave to amend provided no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face. *See Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. Therefore, we conclude that granting leave to amend would have been futile. *See Weaver*, 169 F.3d at 1320. Accordingly, we affirm the district court's order denying Patel's motion for leave to amend and granting the Georgia Department of Behavioral Health and Development Disabilities's motion to dismiss without prejudice.

**AFFIRMED.**

4