[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14160
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00158-TCB


RAJESH M. PATEL,
MD,

                                                            Plaintiff-Appellant,


versus


GEORGIA DEPARTMENT OF BEHAVIORAL
HEALTH AND DEVELOPMENTAL DISABILITIES,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 22, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Rajesh M. Patel appeals *pro se* from the district court's dismissal of his Title VII and Age Discrimination in Employment Act ("ADEA") complaint against the Georgia Department of Behavioral Health and Developmental Disabilities ("the Department"), alleging discrimination and retaliation based on race, sex, national origin, and age.  Patel alleged that the Department fired him after he complained about not receiving a raise and in retaliation for Patel's refusal to work the night shift while he was on approved jury duty leave.

The district court adopted the magistrate judge's Report and Recommendation ("R&R"), which recommended dismissal of Patel's s Title VII complaint as barred by the statute of limitations because it was filed more than 90 days after Patel received right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC") on February 3, 2011 and September 29, 2011. Additionally the district court concluded, in accordance with the R&R, that Patel's ADEA claim was due to be dismissed as barred by the Eleventh Amendment.[1]

I.

In a Title VII suit, a party must file his complaint within 90 days of receiving an EEOC notice of his right to sue.  42 U.S.C. § 2000e-5(f)(1); *Green v.*

---

[1] Patel does not argue on appeal that the district court erred in dismissing his ADEA claim.  Therefore, he has abandoned on appeal any argument relating to that claim, and the district court's dismissal of that claim is affirmed. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

*Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002). Patel does not dispute that his present employment discrimination complaint was not filed within 90 days of either of the EEOC's right-to-sue letters, but argues that the time limit should be equitably tolled based on the pendency of his previous and separately filed employment discrimination complaint. After receiving the February 3, 2011 right-to-sue letter, Patel timely filed a Title VII complaint alleging, as he does in the present suit, that his firing was based on race, sex, national origin, and retaliation. Patel later sought leave to amend his complaint when he received the September 29, 2011 EEOC right-to-sue letter. The district court eventually dismissed Patel's complaint without prejudice, denying Patel's request for leave to amend his complaint on the basis of futility, which decision we affirmed in an unpublished decision, *Patel v. Ga. Dep't BHDD*, 485 Fed. App'x. 982 (11th Cir. 2012) ("*Patel I*").

Patel seems to argue that he is entitled to equitable tolling of the untimeliness of his current complaint because he timely filed and promptly pursued his rights in *Patel I* and that his failure to state a plausible basis for relief in *Patel I* is due to the failure of the Department and the EEOC to give him documents. A court may toll a statute of limitations only if it finds that an inequitable event prevented the plaintiff from filing a timely action, *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993), and the plaintiff has the burden in establishing the

3

grounds for equitable tolling, *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

Here, we do not find that Patel has met his burden in showing that some inequitable event prevented him from raising the claims in this suit in a timely manner and thus conclude that the district court did not commit reversible error in denying equitable tolling.[2]  The fact that Patel had initially filed a timely complaint, by itself, does not warrant equitable tolling based on that complaint's dismissal without prejudice.  *Justice*, 6 F.3d at 1478-79 (explaining that as a general rule, the filing of a lawsuit that the court subsequently dismissed without prejudice does not automatically toll the statute of limitations).  In addition, that the Department or the EEOC did not give Patel unspecified records does not constitute an inequitable event that precluded him from being able to state a claim upon which relief could be granted so as to prevent the dismissal of his complaint in *Patel I*.  We cannot see how Patel would not have been aware of the facts necessary to support a claim of discrimination and retaliation that he alleges were committed against him.  Patel has pointed to nothing more than his failure to allege

---

[2] We note that the magistrate judge's basis for recommending the denial of equitable tolling, as adopted by the district court, is based in part on a clearly erroneous view that Patel neither sought leave to amend his complaint in *Patel I* nor objected to the magistrate judge's report and recommendation in *Patel I*.  However, because Patel's diligence alone is not enough to merit equitable tolling, the magistrate judge's factual error does not constitute reversible error. *See Justice,* 6 F.3d at 1479–80.  *See also Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998) (explaining that this Court may affirm the district court on any ground supported by the record).

facts sufficient to grant relief in *Patel I* to suggest that he is entitled to equitable tolling. Therefore, we affirm the district court's dismissal of Patel's Title VII complaint for his failure to file it in a timely manner.

## II.

Patel further argues that the district court failed to address all of the claims that he raised in his complaint. Specifically, Patel argues that, in his complaint, he raised issues under the Fourteenth Amendment, Title IV's Healthcare Quality Improvement Act ("HCQIA"), and Georgia state law and Department policy, including that the Department failed to give him a required hearing before firing him. The district court's order dismissing the case is silent regarding all of these claims, despite Patel's specific objection to the district court that the magistrate judge in his R&R failed to address these claims.

Fed. R. Civ. P. 8(a)(2) states that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must present more than labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege enough facts to state a claim that is "plausible on its face." *Id*. at 570. However, when considering a motion to dismiss *pro se* pleadings, we must bear in mind that such pleadings are held to a less stringent

5

standard than counseled pleadings, and are construed liberally. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Giving Patel's *pro se* complaint a liberal reading, we conclude that he did at least attempt to raise the separate claim that firing him without a hearing violated his rights arising under (1) the due process clause of the Fourteenth Amendment, (2) the HCQIA, and (3) state law and Department policy. Claim #3 of his complaint begins with "This title VII and ADEA 'discrimination and retaliation' <u>as well as</u> 'Defendant's denial of Dr. Patel's rights to the hearing pursuant to the provisions of HCQIA Title IV, U.S. Constitution 14th Amendment and GRH-Atlanta Medical Staff By-Laws' took place at Georgia Regional Hospital-Atlanta." (emphasis added). To the extent that Patel's complaint can be read to raise a claim under state law and Department policy, he appears to argue that: (1) he received positive performance reviews, required to be given by O.C.G.A. § 45-20-21, but was still treated unfairly, in violation of the policy statement contained in O.C.G.A. § 45-20-1; and (2) pursuant to the Department's medical staff bylaws, which are authorized under O.C.G.A. § 31-7-140, he was entitled to a hearing before being fired. Likewise, he arguably has alleged that his Fourteenth Amendment due process rights were violated when he was terminated without a hearing. Because both the magistrate judge and district court judge failed to address the Fourteenth Amendment and state law claims, we remand these claims to the district court.

However, Patel cannot have raised a valid claim under the HCQIA, because this Court has held that no private cause of action exists under that act. *Bok v. Mutual Assurance, Inc.*, 119 F.3d 927, 928-29 (11th Cir. 1997) (holding that nothing explicitly or impliedly provides for a private cause of action under the HCQIA). Accordingly, we see no need to remand this claim, even though it was not addressed below, and affirm the dismissal of Patel's complaint to the extent that it attempted to raise a Title IV HCQIA claim.

## III.

Finally, Patel argues that the magistrate judge erred in denying him a hearing under Fed. R. Civ. P. 12(i) and we should remand the case for the hearing. However, because Patel did not object to that ruling before the district judge, he waived his ability to appeal that order. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (holding that a party that does not file a timely objection to a magistrate judge's order to the district court waives his right to appeal such an order).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

7