**In re Nobantu ANKOANDA and Beverly Glyn Ellis aka Beverly Glynn Ellis, Debtors.**

**Thang Vu and Jennifer Khuu, Plaintiffs,**

v.

**Nobantu Ankoanda, Defendant.**

**Bankruptcy No. 12–75576–MGD.**

**Adversary No. 13–05029.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 10, 2013.

William C. Dresser, Law Offices of William C. Dresser, San Jose, CA, for Plaintiffs.

E.L. Clark, Clark & Washington, PC, Atlanta, GA, for Defendant.

## ORDER GRANTING, IN PART, DEBTOR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MARY GRACE DIEHL, Bankruptcy Judge.

*Pro se* Plaintiffs, Thang Vu and Jennifer Khuu, filed a complaint against Debtor–

Defendant Nobantu Ankoanda ("Debtor") on January 24, 2013. The complaint included numerous claims, including objections to discharge and dischargeability The complaint also included a claim under 18 U.S.C. § 1014 and a request to determine the validity, extent and priority of liens. Debtor filed a motion to dismiss based on Plaintiffs' failure to state a claim (with the exception of two claims) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding under Rule 7012 of the Federal Rules of Bankruptcy Procedure. (Docket No. 3). Plaintiffs filed a late-filed response [1] to the motion and have requested leave to amend their complaint. (Docket No. 10). There is no evidence on the docket that reflects Plaintiffs served the response on Debtor.[2] For the reasons stated below, Debtor's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2); jurisdiction over this action is provided under 28 U.S.C. § 1334(b); and venue is proper.

## I. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d

868 (2009); Fed.R.Civ.P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). In ruling on a motion to dismiss, the court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Iqbal,* 129 S.Ct. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)(italics in original).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

The movant has the burden of demonstrating that dismissal is appropriate.

---

1. On April 8, 2013 Plaintiffs filed a pleading that the Court construes and treats as responsive to Debtor's February 22, 2013 motion to dismiss. Under Bankruptcy Local Rule 7007–1(c), Plaintiffs had 14 days to file a timely response to Debtor's motion. BLR 7007–1(c), N.D. Ga. (c) ("Response to Motion. Any party opposing a motion shall file and serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than 14 days after service of the motion. . . ."). The Court uses its discretion to consider Plaintiffs' response, and, given the ruling on Debtor's motion, the Debtor is not prejudiced by such consideration.

2. Under Bankruptcy Local Rule 9014, "The person serving process in an adversary proceeding or serving a motion initiating a contested matter or notice with regard to which the Bankruptcy Rules require service on an opposing party shall make proof of service thereof promptly to the Bankruptcy Court in accordance with the Bankruptcy Rules. The Certificate of Service must include the name and address of all parties and attorneys served, the dates of service, and the manner of service." BLR 9014–1, N.D. Ga.

*Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.),* 496 F.Supp.2d 404, 408 (D.Del.2007).

## II. ALLEGED FACTUAL BACKGROUND

Based on the motion to dismiss standard, for the purposes of deciding the motion to dismiss, the Court views the alleged facts as true. Plaintiffs' claims originate from a lawsuit initiated by the Debtor against Plaintiffs in the Superior Court of California, County of Alameda. Debtor brought suit against Plaintiffs and a third party, James Garrett. It appears that Debtor had purchased real property for Mr. Garrett, a friend, by taking out a home equity loan in the amount of $150,000.00 against her residence.[3] Mr. Garrett made payments on the home equity loan and the mortgage on the purchased property. Mr. Garrett was to continue making payments until the home equity loan was paid in full and he could assume the mortgage on the property.

Mr. Garrett stopped making payments and was unable to pay off the home equity loan or to assume the mortgage. It appears that Plaintiffs, business partners of Mr. Garrett, assumed the loan pursuant to an agreement prepared by Debtor. Plaintiffs refinanced the property but were unable to repay the home equity loan after Mr. Garrett ceased making payments. Debtor then sued Plaintiffs and Mr. Garrett. Debtor obtained a judgment for $200,000.00 against Mr. Garrett. The lawsuit against Plaintiffs was resolved in favor of Plaintiffs. Each Plaintiff obtained a judgment for costs and fees against Debtor. Each Plaintiff recorded a judgment lien against Debtor's then residence in East Palo Alto, California. Thereafter, Plaintiffs filed a lawsuit against Debtor in the Superior Court of California, County of Alameda for malicious prosecution. Trial was set to begin on October 22, 2012. Debtor filed a petition for chapter 13 bankruptcy on October 10, 2012.

## III. DISCUSSION

■■■ A discussion of the claims in the complaint is based on a liberal reading of *pro se* Plaintiffs' complaint. The Court and Debtor's motion to dismiss consider all the claims included on Official Form 104 (the adversary proceeding cover sheet), as well as claims asserted or inferred from the complaint. A document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

In conjunction with Debtor's motion to dismiss, the below discussion also identifies the claims for which leave to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, will be granted. Although it is unclear whether Debtor has notice of Plaintiffs' request for leave to amend. Rule 15(a)(2)'s liberal and permissive standard for amending a complaint justifies the Court's consideration of the request at this time. FED.R.CIV.P. 15(a)(2) ("The court should freely give leave when justice so requires."). The Court's decision to grant Plaintiffs leave to amend is supported by Debtor's own concession that certain claims survive her motion. Grant-

---

**3.** The Court does not rely on this fact to reach its ruling. The Court is unable to discern the specifics of the alleged transaction from the complaint, and this fact is supplemented by the factual recitation in Debtor's motion to dismiss.

ing Plaintiffs leave to amend their complaint also furthers the policy of deciding controversies on their merits and exercising a liberal interpretation of *pro se* pleadings.

### A. *Non–Dischargeability Claims*

 Plaintiffs assert four non-dischargeability claims under 11 U.S.C. § 523—(a)(2)(B), (a)(4), (a)(6), and (a)(19)(B)(i)—plus an independent claim under § 523(c)(1). First, Plaintiffs assert a claim under § 523(c)(1) to determine that the debt owed to them by Debtor is non-dischargeable. Section 523(c)(1) does not provide an independent cause of action. Section 523(c)(1) provides:

(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). Section 523(c)(1) merely operates to show that a debt is dischargeable unless the creditor brings an action and the debt is determined to be non-dischargeable. Because § 523(c)(1) is not a viable cause of action, it will be dismissed.

Secondly, the applicability of § 523's list of non-dischargeable debts in a chapter 13 context is limited. The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") narrowed the scope of a chapter 13 discharge by amending § 1328(a)(2) to except from a chapter 13 discharge debts of the kind specified in section § 507(a)(8)(C) and the following subsections of § 523(a): (1)(B), (1)(c), (2), (3), (4), (5), (8), and (9). § 1328(a)(2).

Plaintiffs' non-dischargeability claims under § 523(a)(2) and (a)(4) are applicable in the chapter 13 context.

 Under § 523(a)(2)(B), a debt is non-dischargeable if the debt is

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

. . .

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive

11 U.S.C. § 523(a)(2)(B). Taking the alleged facts in the most favorable light to Plaintiffs, there is currently no basis for a claim for relief. The complaint does not identify the writing for which Plaintiffs rely upon to assert this claim, nor does the complaint provide factual statements in support of the required elements regarding reliance and false statements. The facts do not provide any basis for the Court to draw inference as to a writing described in § 523(a)(2)(B), and the facts, as alleged in the complaint, do not appear to make this claim applicable in this action. For the reasons more thoroughly noted below, Plaintiffs will be given leave to amend this non-dischargeability cause of action to provide additional required facts to sustain this claim.

 Plaintiffs appear to assert that the debt owed to them should be deemed non-dischargeable under § 523(a)(4)—as larceny—based on the adversary proceeding title page and case caption on the complaint. For the purposes of

§ 523(a)(4), larceny is interpreted under its federal common law definition. *In re Lennard,* 245 B.R. 428, 433 (Bankr. M.D.Ga.1999). An essential element of a larceny claim is an unlawful taking of property. *E.g., In re Patel,* 565 F.3d 963 (6th Cir.2009). There is no factual basis to support a theory that Debtor unlawfully took property, resulting in the debt owed to Plaintiffs. Plaintiffs complaint fails to make out a plausible larceny claim, and the § 523(a)(4) claim is dismissed.

With respect to the remaining two non-dischargeability claims—(a)(6) and (a)(19)(B)(i), the applicability of the claims in the chapter 13 context, first, requires inquiry. As previously noted, BAPCPA narrowed the scope of a chapter 13 discharge by amending § 1328(a)(2) to except from a chapter 13 discharge debts of the kind specified in section §§ 507(a)(8)(C) and limited subsections of § 523. Excluded from this list are the debts of the kind specified in § 523(a)(6) and (19)(B)(i).

■ Plaintiffs' § 523(a)(19)(B)(i) is not excepted from a chapter 13 discharge. § 1328(a)(2). Any claim based on a future conversion of the case is not a ripe claim and cannot be adjudicated at this time. Further, a claim under § 523(a)(19) re-quires that the debt arise from a violation of certain federal securities laws, state securities laws, or the respective regulations.[4] *Mollasgo v. Tills (In re Tills),* 419 B.R. 444 (Bankr.S.D.Cal.2009). Presumably, Plaintiffs seek to assert the claim based on the language of § 523(a)(19)(B)(i) only—referring to a debt resulting from judgment, which is not a proper interpretation of the statute. *See id.* Because the claim is inapplicable to the chapter 13 discharge exceptions and because the factual basis for such claim is not available under these facts, the § 523(a)(19)(B)(i) claim is also dismissed.

■ Plaintiffs' § 523(a)(6) claim similarly asserts a claim that is not an exception to discharge under § 1328(a)(2). Plaintiffs' § 523(a)(6) claim as plead is not a basis for relief in this chapter 13 case. Yet, the BAPCPA amendments created a separate exception to discharge in § 1328(a)(4) that has some similarities to § 523(a)(6). Section 1328(a)(4) excepts from a chapter 13 discharge a debt "for restitution or damages awarded in a civil action against the debtor as a result of willful *or* malicious injury by the debtor that caused personal injury to an individu-

---

**4.** Section 523(a)(19) reads:
 (19) that—
 (A) is for—
 (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
 (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
 (B) results, before, on, or after the date on which the petition was filed, from—
 (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
 (ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor. For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

al or the death of an individual." § 1328(a)(4) (emphasis added).

Section § 1328(a)(4) also differs from § 523(a)(6) in a number of ways: "(1) it applies to willful or malicious injuries instead of to willful and malicious injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages awarded in a civil action against the debtor as a result of such injuries." *Waag v. Permann (In re Waag)*, 418 B.R. 373, 377 (9th Cir. BAP 2009)(internal quotations omitted). In considering whether a plaintiff has stated a sufficient personal injury, the bankruptcy court must determine whether the state court cause of action involves personal injury by looking to the elements of the state court claim. *In re Adams*, 478 B.R. 476, 486 (Bankr.N.D.Ga.2012). The facts in the complaint regarding the malicious prosecution claim and judgment in Plaintiffs favor support a viable non-dischargeability claim against Debtor, yet § 523(a)(6) is not applicable to this action. For the reasons discussed below, Plaintiffs are given leave to amend this non-dischargeability claim.

### B. *Claims Objecting to Debtor's Discharge*

 Plaintiffs assert objections to Debtor's discharge under §§ 727(a)(2) and (a)(4)(A) and 1328. As explained above, any claim based on the contingent conversion of Debtor's case is not ripe for adjudication. A "substantial controversy which is definite and concrete" must exist for a court to consider the claim. *Matter of Hahn*, 167 B.R. 693, 695 (Bankr.N.D.Ga. 1994) (citing *Hallandale Professional Fire Fighters v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir.1991)). There is no legal basis or actual controversy for Plaintiffs to assert an objection to discharge under § 727 in a chapter 13 case based on

the hypothetical argument that Debtor may convert this case. *Id.* Further, the Court is unaware of the legal basis to support an objection to a chapter 13 debtor's discharge. Section 1328 provides for the discharge of debts with limited exceptions. There is not an independent cause of action under § 1328 for an objection to discharge. *In re Brian Price Lewis*, 5 B.R. 575, 577 (Bankr.N.D.Ga.1980) ("There is no provision for an objection to the discharge of a debtor in a Chapter 13 case, other than a possible contest with respect to the issue of whether the debtor is entitled to a hardship discharge."). Section 103(b) says "[s]ubchapters I and II of chapter 7 of this title apply only in a case under such chapter," therefore § 727's objection to discharge is not applicable to chapter 13 cases. Therefore, Plaintiffs' claims under §§ 727 and 1328 are dismissed for failure to state a claim.

### C. *Other Claims*

Plaintiffs assert two other claims not related to discharge or dischargeability—a criminal claim under 18 U.S.C. § 1014 and a claim to determine validity, extent and priority of lien.

 First, this Court does not have jurisdiction to adjudicate a criminal claim. 28 U.S.C. § 1334(b) (referring to *civil* proceedings). A claim under 18 U.S.C. § 1014 is not a matter that arises in, arises under, or that is related-to Debtor's bankruptcy proceeding. *See Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir.1990). Further, the automatic stay does not apply to the commencement or continuation of a criminal action against the debtor. *See* 11 U.S.C. § 362(b)(1). Accordingly, the criminal claim will be dismissed.

 Second, Plaintiffs selected on the adversary proceeding cover sheet that this action includes a determination as to the

validity, priority, or extent of a lien or interest in property. Based on the alleged facts and the claims asserted in the complaint, it appears that Plaintiffs are seeking a declaratory judgment as to the extent and validity of their judgment liens. The facts allege a lien and the corresponding property to which they attach. It should be noted that Debtor's proposed chapter 13 plan includes Plaintiffs' claims in the section entitled, "Claims subject to 11 U.S.C. § 522(f) lien avoidance." Regardless of the proposed plan's treatment of Plaintiffs' claims, this claim survives Debtor's motion to dismiss because sufficient facts have been stated to establish a plausible claim.

### D. *Plaintiffs' Ability to Amend Complaint*

▆ Plaintiffs' request to have leave to amend their complaint is warranted with respect to two non-dischargeability claims: the § 523(a)(2)(B) claim and the claim now plead under § 523(a)(6). The remaining claims will be dismissed without leave to amend because any amendment would be futile. Rule 15 of the Federal Rules of Civil Procedure provides a liberal and permissive standard for amending a complaint. "The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2).

Between the facts asserted in the complaint (and clarified in Debtor's motion to dismiss), a liberal review of the complaint establishes a plausible claim under § 523(a)(2)(B). Based on the liberal pleading standards, especially for unrepresented parties, the non-dischargeability claim under § 523(a)(2)(B) may be amended.

With respect to the § 523(a)(6) claim, Debtor concedes that Plaintiffs' § 523(a)(6) claim states sufficient facts to survive Debtor's motion. Debtor does not raise the inapplicability of § 523(a)(6) as an exception to a chapter 13 discharge. The well-plead facts taken as true also seem to make out a plausible claim under § 1328(a)(4). Therefore, the policy of liberal pleading standards supports providing leave for Plaintiffs to amend their § 523(a)(6) claim.

▆ However, there are limits to the liberal standard of favoring amendments to allow the merits of the claim to be tested. There must be a "justifying reason" for a court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Halliburton & Assoc. v. Henderson*, 774 F.2d 441, 443 (11th Cir.1985) ("substantial reason" needed). The following factors may serve as a basis to deny a motion to amend: (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001) (citing *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. 227). Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal. *Patel v. Georgia Dep't BHDD*, 485 Fed.Appx. 982 (11th Cir.2012) (citations omitted).

Here, futility drives the decision to deny leave to amend the following claims: 18 U.S.C. § 1014 and 11 U.S.C. §§ 523(c)(1), 523(a)(4), 523(a)(19)(B)(i), 727(a)(2),(4), and 1328. The bankruptcy court is an improper forum for a criminal claim and no amendment to facts or legal theory can create a viable claim for this Court. Similarly, the objections to discharge have threshold legal issues that no amendment can cure. And, § 523(c)(1) does not provide a cause of action for which independent relief may be granted.

Plaintiffs' § 523(a)(19) non-dischargeability claim is not appropriate given the

scope of a chapter 13 discharge and the legal predicate of a securities or regulation violation. The larceny based non-dischargeability claim is not a plausible cause of action based on the factual allegations. Plaintiffs' late filed response does not assert that there are additional relevant facts. Debtor's motion for failure to state a claim is largely based on the application of incongruent legal theories, instead of a factually sparse complaint. Accordingly, it is

**ORDERED** that Debtor's motion to dismiss is **GRANTED** in part. The following claims are **DISMISSED:** 18 U.S.C. § 1014 and 11 U.S.C. §§ 523(c)(1), 523(a)(4), 523(a)(19)(B)(i), 727(a)(2), & (4), and 1328.

It is **FURTHER ORDERED** that Plaintiffs have leave to amend their complaint to properly plead a non-dischargeability claim under § 1328(a)(4) and to present a substantiated factual basis for the § 523(a)(2)(B) claim. Plaintiffs shall have **21 days** from entry of this Order to amend and reserve their complaint regarding the designated non-dischargeability claims.