[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2010
JOHN LEY
CLERK

No. 10-11657
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-80572-KAM

JOHANE TILLERY,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
Janet Napolitano, Secretary,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2010)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Johane Tillery appeals the district court's order dismissing her complaint raising retaliation claims under Title VII for failure to exhaust administrative remedies.[1] After review, we affirm.

## I. BACKGROUND

### A.   Title VII Complaint

Plaintiff Johane Tillery ("Tillery") worked as a transportation security officer for the Transportation Security Administration ("TSA"), an agency within the Department of Homeland Security ("DHS"), at the Palm Beach International Airport ("PBIA"). In February 2006, Tillery complained that her manager, Larry Davis, had sexually harassed her. As a result Davis was transferred from PBIA.

In March 2006, Tillery requested a transfer to an airport in Tucson, Arizona. On April 13, 2006, her request was approved. However, on May 5, 2006, after the Arizona facility spoke to Tillery's PBIA supervisors, Tillery was told that she could not transfer to the Arizona facility. On June 7, 2006, Tillery was terminated. Tillery's complaint alleged that her PBIA supervisors gave false information to the Arizona facility in retaliation for her sexual harassment complaint against Davis and later terminated her in retaliation, too.

---

[1] Civil Rights Act of 1964, § 701 et seq., as amended by Civil Rights Act of 1991, § 104 et seq., 42 U.S.C. § 2000e et seq. ("Title VII").

**B.    Motion to Dismiss**

DHS filed a pre-answer motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  DHS's motion argued that Tillery failed to exhaust her administrative remedies because she did not contact TSA's Equal Employment Office ("EEO") within 45 days of the allegedly discriminatory action, as required by agency regulations.  See 29 C.F.R. § 1614.105(a)(1) (requiring a federal employee who believes she has been discriminated against to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action").[2]  DHS contended, inter alia, that (1) the first alleged retaliatory act occurred on May 5, 2006; (2) the 45-day notification period expired on June 19, 2006; and (3) Tillery did not contact an EEO counselor until July 12, 2006, 23 days after the 45-day period expired.  DHS further contended Tillery never contacted an EEO Counselor about the allegedly retaliatory termination.  DHS submitted exhibits, including: (1) an EEO Counselor's Report; (2) declarations of

---

[2]Under Part 1614, an employee of a federal agency must first consult an EEO Counselor in an effort to "informally resolve the matter."  29 C.F.R. § 1614.105(a).  At the end of this informal consultation, the employee may file a formal complaint with the agency within fifteen days, triggering the agency's obligation to conduct an investigation.  29 C.F.R. § 1614.106(a)-(b), (e)(2).  The agency is required to dismiss a formal complaint if the employee failed to comply with the time limits for informally consulting with the EEO Counselor or for filing the formal complaint.  29 C.F.R. § 1614.107(a)(2).  The employee then has the right to appeal the agency's dismissal of the formal complaint.  See 29 C.F.R. § 1614.106(e)(1).

EEO officials; (3) Tillery's formal EEO complaint; and (4) the DHS's final agency decision dismissing her formal EEO complaint as untimely under the regulations.

Tillery responded, attaching her affidavit and documents. Tillery contended that the 45-day notification period was equitably tolled because, after she was placed on leave on May 8, 2006, she could contact an EEO Counselor only by phone and her repeated calls over a three- or four-week period were not returned. See 29 C.F.R. § 1614.105(a)(2) (requiring agency to extend the 45-day period where "despite due diligence" claimant "was prevented by circumstances beyond his or her control from contacting the counselor within the time limits"). Tillery's affidavit stated that, while on leave, she made calls three or four times per week over a 25- to 30-day period until July 11, 2006, when she finally received a return call. Tillery argued that (1) evidence of her efforts to contact the EEO Counselor created a genuine issue of material fact that only a jury should decide, and (2) her letter, dated May 30, 2006, to Pete Garcia, the Federal Security Director, within the 45-day period satisfied the EEO Counselor contact requirement.

In reply, DHS filed additional documents, including the declaration of Janet White, an EEO manager, describing the EEO's process for handling telephone calls. White averred that the EEO maintained a 24-hour hotline that employees could call to leave messages regarding EEO concerns. The EEO's protocol was to

4

return messages within 24 hours. Each day, an assigned EEO counselor would check the hotline voicemail, record the information on an "incoming-case spreadsheet," return the call and then supplement the entry on the spreadsheet with information obtained during the telephone conversation. It was contrary to the EEO's mission and business practice to delete messages without responding to them, fail to return calls or inaccurately record dates of contact with the complainants. The EEO's incoming-case spreadsheet indicated that Tillery's only call to TSA's EEO was on July 11, 2006, which was returned on July 12, 2006.

## C. District Court's Notice

On February 9, 2010, the district court notified the parties that it was considering DHS's motion to dismiss. The district court advised that it was guided by Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008), which directs the district court to resolve factual disputes as to exhaustion of administrative remedies on a motion to dismiss if (1) the factual disputes do not decide the merits of the claims and (2) the parties have had sufficient opportunity to develop the record. Id. at 1376. The district court noted that the parties had filed exhibits, including affidavits. The district court gave Tillery ten days to submit any additional evidence in opposition to DHS's motion to dismiss.

## D. Tillery's Supplemental Brief

5

Tillery then submitted a supplemental brief and more evidence, including: (1) Tillery's affidavit; (2) copies of emails; and (3) deposition transcripts of TSA supervisors at the Tucson airport who handled Tillery's transfer request. Tillery's brief argued that DHS reconsidered her transfer request and ultimately denied it on May 29, 2006, making her July 11, 2006 telephone contact with the EEO office timely.

**E.    District Court's Dismissal Order**

On March 10, 2010, the district court granted DHS's motion to dismiss. Again citing <u>Bryant v. Rich</u>, the district court reiterated that it could consider the parties' evidence as to exhaustion of administrative remedies on a motion to dismiss and was not required to convert the motion to a summary judgment motion. The district court concluded that "whether Tillery timely initiated an administrative review of her claim, or if not, whether the time should be tolled, do not go to the merits. Therefore the Court will resolve these questions at this stage."

After reviewing the evidence, the district court found that: (1) Tillery first contacted the EEO counselor on July 11, 2006 and complained that the April 24, 2006 transfer denial was retaliatory; (2) it was "highly unlikely that Tillery made any initial contact with TSA's [EEO office] other than the contact recorded on the incoming-case spreadsheet" on July 11, 2006; (3) there was "no credible

6

evidence" supporting Tillery's claim in her "self-serving affidavit" that she had attempted to call the EEO office three to four times a week over a 25 or 30 day period or that her only way to contact the EEO office was by telephone. Accordingly, the district court concluded that there was no basis to equitably toll the 45-day limitation period.

The district court also concluded that Tillery's May 30, 2006 letter to Pete Garcia, sent within the 45-day period, did not satisfy the notification requirement because Garcia was not connected to the EEO process and Tillery's letter did not express an intent to begin the EEO process. The district court further found that Tillery never filed a formal complaint charging retaliatory termination. Thus, the district court concluded that Tillery failed to exhaust administrative remedies as to both her claim for retaliatory denial of her transfer request and her claim for retaliatory termination. Tillery appealed.

## II. DISCUSSION

On appeal, Tillery does not challenge the merits of the district court's ruling that she failed to exhaust administrative remedies. Rather, Tillery argues only that, in ruling on DHS's motion to dismiss, the district court erred in resolving factual disputes.

We start with our precedent in Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008), relied on by the district court. In Bryant, this Court concluded that the

7

district court properly resolved factual disputes in granting a motion to dismiss based on failure to exhaust administrative remedies.  530 F.3d at 1377. Specifically, the <u>Bryant</u> Court explained that "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." <u>Id.</u> at 1375-76 (quotation marks omitted).  The <u>Bryant</u> Court treated Rule 12(b) motions regarding exhaustion of nonjudicial remedies as similar to motions regarding jurisdiction and venue in that "[e]xhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." <u>Id.</u> at 1374 (quotation marks and brackets omitted).  In those types of Rule 12(b) motions,"it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." <u>Id.</u> at 1376 (footnotes omitted).

Here, both prongs of <u>Bryant</u> are satisfied.  First, the facts relating to whether Tillery exhausted administrative remedies do not bear on the merits of her retaliation claims.  Second, Tillery clearly had sufficient opportunity to develop, and did develop, a record.  Accordingly, under <u>Bryant</u>, the district court did not err

by acting as the factfinder as to when Tillery first contacted the EEO counselor and whether she had made earlier unsuccessful attempts to do so.

We reject Tillery's argument that <u>Bryant</u> is applicable only to motions to dismiss under the Prison Litigation Reform Act's ("PLRA") exhaustion requirement, 42 U.S.C. § 1997e(a). Although the source of the exhaustion requirement in <u>Bryant</u> was the PLRA, <u>Bryant</u> relied upon general principles that: (1) a matter in abatement, even if non-jurisdictional, such as exhaustion of administrative remedies is appropriately raised in a Rule 12(b) motion to dismiss, and (2) a district court can resolve a factual dispute in ruling on that Rule 12(b) motion to dismiss so long as it does not adjudicate the merits of the claim and the plaintiff has had an opportunity to develop the record. <u>See</u> <u>id.</u> at 1374-76.

Like the PLRA's exhaustion requirement, exhausting administrative remedies under Part 1614 of the Code of Federal Regulation is a prerequisite to a federal employee's filing an employment discrimination action under Title VII. <u>See</u> <u>Crawford v. Babbitt</u>, 186 F.3d 1322, 1326 (11th Cir. 1999) (concluding that exhausting administrative remedies is a jurisdictional prerequisite to filing Title VII action). Thus, the general principles relied upon in <u>Bryant</u> apply equally to DHS's motion to dismiss Tillery's Title VII retaliation claims on exhaustion grounds.

Tillery relies upon Stewart v. Booker T. Washington Insurance, in which this Court reversed a district court's decision that the plaintiff failed to file her statutory charge of discrimination with the EEOC within 180 days of her termination, as required by 42 U.S.C. § 2000e-5(e)(1). 232 F.3d 844, 846 (11th Cir. 2000). The Stewart Court stressed that Title VII's statutory filing period does not begin to run until the employee receives "unequivocal notice of the adverse employment decision." Id. at 849 (quotation marks omitted). The Stewart Court first concluded that the May 1997 statements of the defendant employer's president, Kirkwood Balton, to all employees that the company's primary assets were being sold and that the company would "try to hire them, or . . . pay them four months' severance pay" were not sufficient to start the time clock running on the 180-day statutory period. Id. (omission in original). We pointed out that although Balton's statements gave the plaintiff employee reason "to suspect that she might be terminated," this was not a statement that plaintiff was "actually being terminated." Id. We also pointed out that plaintiff had filed an uncontradicted affidavit stating that she was never told she was terminated until November 1997. Id.

The Stewart Court concluded that the district court erred in holding Balton's statements were sufficient to start the 180-day period and in disregarding the

10

plaintiff's affidavit testimony that she was never told she was terminated until November 1997. Id. at 849-50. The district court in Stewart had converted a motion to dismiss into a motion for summary judgment and had applied the Rule 56 summary judgment standard. Id. at 848. This Court reviewed the district court's decision under only the Rule 56 standard. Id. The Stewart Court stated that it must accept the plaintiff's affidavit as true in the Rule 56(c) summary judgment context and that her affidavit created a factual issue of when she was notified of her termination. Id. at 850. The Stewart Court did not mention "exhaustion of administrative remedies" at all or whether exhaustion is properly raised and resolved under Rule 12(b). For this reason, Stewart did not address the Rule 12(b)-exhaustion issue presented in Bryant and in this case too. Stewart does not require us to reverse the district court here.

In sum, in ruling on DHS's Rule 12(b) motion to dismiss based solely on exhaustion of administrative remedies and not on the merits of Tillery's claims, the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion. Accordingly, we affirm the district court's

11

order dismissing Tillery's complaint for failure to exhaust <u>administrative</u> remedies with her EEO counselor before filing suit.[3]

**AFFIRMED.**

---

[3]Because Tillery did not appeal the merits of the district court's ruling that she failed to exhaust administrative remedies, she has abandoned this issue. <u>See</u> <u>Marek v. Singletary</u>, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995).