[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15145
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20244-PAS

JAMES FRANCOIS,

                                                    Plaintiff-Appellant,

versus

MIAMI DADE COUNTY, PORT OF MIAMI,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

James Francois appeals the district court's grant of summary judgment in favor of his former employer, the Miami Dade County Port of Miami (Miami), in his employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Florida Civil Rights Act (FCRA), § 760.07, Fla. Stat. Francois raises two issues on appeal, which we address in turn.

I.

Francois first argues the district court abused its discretion by denying his motion to amend his complaint to include a cause of action for retaliation. Even though he filed his motion 52 days after the deadline to amend pleadings as set by the scheduling order, he asserts the court erred by denying his motion before the deadline for filing his reply to Miami's response.[1]

In order to amend a pleading after a court-imposed deadline, a party must show good cause pursuant to Federal Rule of Civil Procedure 16(b). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). A party may not show good cause for failing to amend his complaint within the deadline set by the court's scheduling order where he fails to act diligently in pursuing claims. *Id*.

---

[1]We review a district court's decision to enforce its pretrial order for an abuse of discretion. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

We are willing to assume, *arguendo*, that Francois has preserved his argument that the district court abused its discretion by allegedly denying his motion prematurely. However, even if we further assume the court ruled before the time for filing a reply had expired, Francois still has not shown the denial of leave to amend constituted an abuse of discretion. Francois did not act diligently in pursuing his claim of national origin discrimination. Even if given more time to respond, he would have been hard pressed to show good cause for failing to meet the deadline to amend pleadings. *See Sosa*, 133 F.3d at 1419. Additionally, Francois does not show the alleged error was anything other than harmless because he does not demonstrate how it affected his substantial rights. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008). Thus, we conclude the district court did not abuse its discretion by denying Francois' motion to amend his complaint.

## II.

Second, Francois argues the court should not have granted summary judgment on his claim of national origin discrimination. Francois contends that even though his Equal Employment Opportunity Commission (EEOC) charge did

3

not include such a claim, he fulfilled the purposes of exhaustion by including the claim in his EEOC intake questionnaire which put Miami on notice of this claim.[2]

In order to file a judicial complaint under Title VII, a plaintiff must first administratively exhaust any claims by filing a charge with the EEOC. 42 U.S.C. § 2000e-5(e); *Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 907 (11th Cir. 2001). "[T]he scope of [a] judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the *charge* of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (quotations omitted and emphasis added).

The law is clear that a charge must be verified - *i.e.*, written under oath or affirmation - in order to support a valid judicial suit. 42 U.S.C. § 2000e-5(b); *Vason*, 240 F.3d at 907. Additionally, "charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" *Alexander v. Fulton Cnty, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (*quoting* 29 C.F.R. § 1601.12(a)(3)), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) (*en banc*).

---

[2]We review *de novo* a district court's grant of summary judgment. *Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 906 (11th Cir. 2001).

Though we have never directly addressed the effect of an intake questionnaire for exhaustion purposes, we have considered the interrelationship between an EEOC charge and an intake questionnaire several times when assessing whether a charge has been timely filed.  In *Wilkerson v. Grinnell Corporation* we held an intake questionnaire could be considered a charge for the purpose of satisfying the statute of limitations where:  the questionnaire was verified; the questionnaire contained the basic information required by a charge; and the form's language could have been interpreted to represent a charge.  270 F.3d 1314, 1320-21 (11th Cir. 2001).

This is not the general rule, however.  In one case, we stated that, "as a general matter an intake questionnaire is *not* intended to function as a charge." *Pijnenburg v. West Georgia Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001) (emphasis added).  Therefore, we held the plaintiff's unverified intake questionnaire did not satisfy Title VII's timely filing requirement, as it did not notify her employer of her claim or initiate the EEOC investigation.  *Id*. at 1306. In a second case, we similarly held a plaintiff's intake questionnaire, which was filed along with an affidavit, did not satisfy the requirements of a timely charge. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1241 (11th Cir. 2004).  There, after considering the law set forth in *Wilkerson*, we noted the circumstances did not

support a conclusion that the questionnaire satisfied the timely filing requirement, because: the plaintiff clearly understood the intake questionnaire was not a charge because he later filed a timely charge; the EEOC did not initiate its investigation until after the plaintiff filed his charge; and the questionnaire form itself did not suggest it was a charge. *Id*.

Without definitively deciding whether an EEOC intake questionnaire may ever be considered when determining whether a plaintiff's Title VII or FCRA claim has been exhausted, we hold the district court correctly granted summary judgment in this case. First, if only the EEOC charge itself should have been considered, Francois failed to administratively exhaust his national origin discrimination claim because he did not check the box for national origin, or allege any facts in the narrative section that could be construed to raise such a claim of discrimination.

Second, even if an intake questionnaire can be taken into account under certain circumstances, the facts do not support doing so here. As in *Pijnenburg*, undisputed evidence showed Francois's intake questionnaire was not verified, and the form language did not indicate it would be considered a charge when a plaintiff also filed a timely charge, as Francois did. Furthermore, the fact Francois

filed an actual timely charge suggests he did not intend his intake questionnaire to function as a charge. *See Bost*, 372 F.3d at 1241.

Finally, none of the evidence demonstrated Miami was on notice of the national origin claim. Moreover, the EEOC did not investigate the national origin discrimination claim. Thus, the district court did not err when it concluded Francois did not fulfill the purposes of exhaustion. *See Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 877 (11th Cir. 1986) (noting the filing of an EEOC charge serves two purposes: to put the defendant on notice of the claim, and to give the EEOC an opportunity to settle the grievance).

**AFFIRMED.**