Jennifer CHAVEZ, Plaintiff,

v.

CREDIT NATION AUTO SALES, INC. f/k/a Synergy Motor Company, Defendant.

No. 1:13–cv–312–WSD–JCF.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 19, 2013.

Jerry L. Worthy, Jr., Worthy & Associates, Dallas, GA, Jillian T. Weiss, Law

Office of Jillian T. Weiss, Tuxedo Park, NY, for Plaintiff.

Marc A. Celello, Celello Law Group, LLC, Woodstock, GA, for Defendant.

### OPINION AND ORDER

WILLIAM S. DUFFEY, JR., District Judge.

This matter is before the Court on Magistrate Judge J. Clay Fuller's Non–Final Report and Recommendation [20] ("R & R") on Defendant's Motion to Dismiss [6].

## I. BACKGROUND

### A. *Procedural History*

On March 13, 2013, Plaintiff Jennifer Chavez ("Plaintiff") filed this action alleging sex discrimination against her former employer Defendant Credit Nation Auto Sales, Inc. f/k/a Synergy Motor Company ("Defendant"). In her First Amended Complaint [9], Plaintiff alleges that she is a transsexual and that, on January 11, 2010, Defendant terminated her because of animus based on her gender identity and expression, in violation of Title VII of the Civil Rights Act of 1964.

On February 25, 2013, Defendant filed its Motion to Dismiss on the ground that Plaintiff failed to exhaust her administrative remedies under Title VII because she failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 29, 2013, Magistrate Judge Fuller issued his R & R recommending that the Motion to Dismiss be denied. The Magistrate Judge found that Plaintiff failed to submit a charge within the statutory time period, but he concluded that, on the current record before the Court, Plaintiff's charge still may have been timely based on equitable tolling.

Plaintiff objects to the Magistrate Judge's finding that she failed to file a charge within the statutory time period. Neither party objects to the Magistrate Judge's finding that equitable tolling may apply to Plaintiff's charge.

### B. *Relevant Facts*

On January 12, 2010, the day after she was fired, Plaintiff went to the EEOC office in Atlanta. (Pl.'s Ex. 2 [10–2] ¶ 1.) Plaintiff told an investigator that Defendant fired her because of her sex and that she wanted the EEOC to take action against Defendant. (*Id.* ¶¶ 3–4.) Plaintiff gave the investigator two documents: (i) a "Separation Notice," on a Georgia Department of Labor form, from Defendant stating that Plaintiff was terminated on January 11, 2010 for "[s]leeping while on the clock on company time" (the "Separation Notice"); and (ii) handwritten notes taken by Plaintiff describing a meeting, on November 24, 2009, in which Plaintiff and Defendant's owner discussed Plaintiff's transition from male to female and Defendant's owner's alleged request that Plaintiff not wear certain feminine clothing when coming to and leaving work (the "November Meeting Notes"). (*Id.* ¶ 4, apps. A, B.) After conferring with her supervisor, the EEOC investigator told Plaintiff that she could not file a complaint because her "transgender" status was not protected from discrimination. (*Id.* ¶¶ 6–7.) Plaintiff left the EEOC office without having filed a formal complaint. (*See id.* ¶ 8.)

In September 2010, after hearing news reports about transgender individuals filing complaints with the EEOC, Plaintiff returned to the EEOC office in Atlanta. (*Id.* ¶ 10.) She told an investigator that she had suffered discrimination and wanted the EEOC to take action against Defendant, and she gave the investigator the

Separation Notice and the November Meeting Notes. (*Id.* ¶¶ 11–12.) The investigator told Plaintiff that she could not file a complaint and turned her away. (*Id.* ¶¶ 14–15.)

On April 25, 2012, after again hearing news reports about transgender individuals filing complaints with the EEOC, Plaintiff returned to the EEOC office in Atlanta. (*Id.* ¶¶ 19.) She requested to file a complaint against Defendant, and on this occasion she was permitted to do so. (*Id.* ¶ 20.) [1]

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir.1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, (*Id.* ¶ 22; Pl.'s Ex. 1 app. C, Ex. 2 [10–1] at 18–19.) Plaintiff appears to argue that the Chair's denial letter constitutes the EEOC's determination that her charge was timely. The Court disagrees. The letter denies further review of the agency's dismissal of the claim on the ground that, even if the claim was timely, it would be subject to dismissal on the merits. a court conducts only a plain error

review of the record. *United States v. Slay,* 714 F.2d 1093, 1095 (11th Cir.1983) (per curiam).

#### 2. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[ ] the benefit of reasonable factual inferences." *Wooten v. Quicken Loans, Inc.,* 626 F.3d 1187, 1196 (11th Cir.2010). Although reasonable inferences are made in the plaintiff's favor, " 'unwarranted deductions of fact' are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.,* 416 F.3d 1242, 1248 (11th Cir.2005) (quoting *S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 408 n. 10 (1996)). The Court is not required to accept conclusory allegations and legal conclusions as true. *See Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir.2010) (construing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). Mere "labels and conclusions" are insufficient. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550

---

1. On May 10, 2012, the EEOC dismissed Plaintiff's complaint as untimely. (Am. Compl. [9] ¶ 16.) On Plaintiff's request, the EEOC reconsidered the decision, and on November 14, 2012, the agency affirmed its decision. (*Id.* ¶¶ 18–20.) Plaintiff then sought review by the Chair of the EEOC. (*Id.* ¶ 21.) On December 19, 2012, the Chair denied Plaintiff's request for review because she determined that the claim would be required to be dismissed on the merits.

U.S. at 556, 127 S.Ct. 1955). This requires more than the "mere possibility of misconduct." *Am. Dental,* 605 F.3d at 1290 (quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937). The well-pled allegations must "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1289 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

### B. *Analysis*

#### 1. *Plaintiff's Objections*

■ Plaintiff does not dispute that, before filing this Title VII action, she was required to exhaust her administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days of her termination. *See, e.g., H & R Block E. Enters. v. Morris,* 606 F.3d 1285, 1295 (11th Cir.2010) (citing *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001)) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies. To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." (citation omitted)). A charge is required to "be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2012). The Magistrate Judge found that Plaintiff's January and September 2010 submissions to the EEOC were not charges because they did not satisfy these requirements.

Plaintiff does not dispute that her submissions did not satisfy the verification requirement of a charge. She objects that the Magistrate Judge did not find her submissions to constitute a "sufficient" charge, to which her later verified charge could relate back, under 29 C.F.R. § 1601.12(b) (the "Cure Provision").[2]

■ Under Cure Provision,

a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

*Id.* § 1601.12(b). The Cure Provision thus permits a claimant to correct technical defects in an otherwise timely charge, including a failure to verify the charge. *See id.; Pijnenburg v. W. Ga. Health Sys., Inc.,* 255 F.3d 1304, 1307–08 (11th Cir.2001). If the claimant's original submission suffers more than a technical defect, and is not itself recognizable as a "charge," the Cure Provision does not apply. *See Pijnenburg,* 255 F.3d at 1307–08. The question here is whether Plaintiff's January and September 2010 submissions to the EEOC were recognizable as a charge.

■ A charge serves "two significant functions: (1) notification to the employer that a discrimination charge has been lodged with the EEOC; and (2) initiation of the agency's investigation of the complaint." *Pijnenburg,* 255 F.3d at 1306; *see Edelman v. Lynchburg Coll.,* 535 U.S. 106, 115, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002) ("A complaint to the EEOC starts the agency down the road to investigation, conciliation, and enforcement, and it is no

**2.** There is no dispute that Plaintiff's April 25, 2012, submission to the EEOC was a verified charge.

small thing to be called upon to respond."). A submission qualifies as a charge when it manifests the claimant's intent "to activate these functions." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1319–20 (11th Cir. 2001).

■ Plaintiff's January and September 2010 submissions consisted of two documents: the Separation Notice and the November Meeting Notes. The Separation Notice states only that Plaintiff was terminated by Defendant for "[s]leeping while on the clock on company time." (Pl.'s Ex. 2 app. A [10–2] at 7.) The November Meeting Notes describe a meeting, nearly two months before Plaintiff's termination, between Plaintiff and Defendant's owner. (*Id.* app. B [10–2] at 12–15.) The Separation Notice and the November Meeting Notes do not state that Plaintiff was terminated for a discriminatory reason, and they do not manifest Plaintiff's intent for the EEOC to investigate a charge of discrimination or to inform Defendant of such a charge. *See Pijnenburg,* 255 F.3d at 1306 (holding that an EEOC intake questionnaire was not a sufficient charge because it failed to notify the employer and failed to initiate an EEOC investigation).[3] The Court, having conducted its *de novo* review, concludes that Plaintiff's submissions were not a charge, and Plaintiff's objection to the Magistrate Judge's finding that Plaintiff failed to file a charge within 180 days is overruled.[4]

### 2. *Unobjected-to Recommendations*

■ Neither party objects to the remaining findings and recommendations in the R & R, including that the current record before the Court supports that Plaintiff's April 2012 charge may have been timely filed by virtue of equitable tolling. The Court does not find plain error in these findings and recommendations. *See Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1303 (5th Cir.1979) (holding that equitable tolling of the period to file a charge "is appropriate when the EEOC misleads a complainant about the nature of his rights under Title VII").

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Non–Final Report and Recommendation [20] is **ADOPTED.** Defendant's Motion to Dismiss [6] is **DENIED.**

### ORDER and NON–FINAL REPORT AND RECOMMENDATION

J. CLAY FULLER, United States Magistrate Judge.

This case is before the Court on Defendant's Motion to Dismiss (Doc. 6), seeking

---

3. Plaintiff argues that she verbally requested that the EEOC take action on her behalf when she submitted her Separation Notice and November Meeting Notes. Because a charge, even under the Cure Provision, is required to be in writing, the Court may consider only Plaintiff's written submissions. *See* 29 C.F.R. § 1601.12(b).

4. Plaintiff also argues that Defendant has the burden to prove that Plaintiff did not file a timely charge. The Court does not reach this argument because there is no factual dispute over the contents of Plaintiff's January and September 2010 submissions to the EEOC. Regardless of which party has the burden of proof, Plaintiff does not dispute that the rec-

ord on her exhaustion is complete, and Plaintiff agrees that, in January and September 2010, she submitted only her Separation Notice and November Meeting Notes to the EEOC. The Court finds, as a matter of law, that these documents are not sufficient to constitute a charge. *See Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir.2008) ("Where exhaustion ... is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.").

to dismiss Plaintiff's Complaint because Plaintiff failed to state a claim under 42 U.S.C. § 1981(a), and because Plaintiff failed to timely exhaust her administrative remedies by failing to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination. Because Plaintiff has filed an Amended Complaint in which she no longer references 42 U.S.C. § 1981(a), it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1981(a) "claim" be **DENIED as moot.** Furthermore, because the resolution of whether the statute of limitations for Plaintiff's Title VII claim was equitably tolled requires the consideration of materials outside the pleadings and additional factual development, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Complaint be **DENIED** without prejudice to its right to seek summary judgment on exhaustion grounds following the close of discovery. The other pending motions—namely, Plaintiff's motion to strike Exhibit 1 to Defendant's motion to dismiss (Doc. 11); Defendant's motion to strike declarations submitted by Plaintiff in support of her response to Defendant's motion to dismiss (Doc. 14); and Plaintiff's motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply (Doc. 15)—are **DENIED.**

### Procedural History

On January 30, 2013, Plaintiff filed a Complaint alleging that Defendant, her former employer, terminated her because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and "Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) [sic]." (Doc. 1). Specifically, Plaintiff alleges that after she informed her employer "of her plan to transition from male to female," Defendant's

owner, Jim Torcia, expressed disapproval of her plan and "stated that Chavez would be subject to rules applicable only to her, including that she was not to wear certain kinds of clothing when coming to work, before changing into her uniform, or when leaving from work, which clothing he considered 'too feminine,' such as a 'dress.'" (*Id.* at ¶¶ 27, 35, 53, 56). Torcia allegedly stated that "any woman" who wore a dress in Defendant's service department would be disruptive, and he made other negative comments about Plaintiff's transition. (*Id.* at ¶¶ 57–64). Plaintiff believes that Torcia then "directed his managers to find a pretext to terminate [Plaintiff] that appeared to be legitimate, because Torcia wished to terminate Chavez because of her gender identity and gender expression." (*Id.* at ¶ 71). Plaintiff's work was subjected to increased scrutiny, and after she underwent surgery related to her gender transition and returned to work appearing "more female than before," Plaintiff was increasingly ostracized. (*Id.* at ¶¶ 76–90). On January 11, 2010, Defendant terminated Plaintiff for "sleeping while on the clock on company time," after she was observed sitting in the back of a car with her eyes closed for 15 minutes while she was on duty. (*Id.* at ¶¶ 92–124). Plaintiff alleges that "Defendant's termination of Chavez was because of animus based on her gender identity and expression." (*Id.* at ¶ 133).

Defendant filed a motion to dismiss Plaintiff's Complaint. (Doc. 6). Defendant attached a number of exhibits to its motion, including a Georgia Department of Labor Board of Review decision denying Plaintiff unemployment benefits (Exhibit 1); Plaintiff's April 25, 2012 EEOC charge (Exhibit 2); the EEOC's notice to Defendant of Plaintiff's charge (Exhibit 3); a May 7, 2012 letter from the EEOC to Plaintiff notifying her of the EEOC's dismissal of her charge as untimely (Exhibit

4); the EEOC's May 10, 2012 dismissal of Plaintiff's charge as untimely and notice of right to sue (Exhibit 5); the EEOC's June 19, 2012 notice of reconsideration and revocation of notice of right to sue, indicating that the EEOC "intend[ed] to re-examine the merits of and reconsider the Notice of Rights issued" on her charge (Exhibit 6); the EEOC's August 1, 2012 pre-determination letter to Plaintiff's attorney setting forth Defendant's response to the charge (Exhibit 7); and the EEOC's November 14, 2012 dismissal of Plaintiff's charge and notice of right to sue (Exhibit 8). (*See* Docs. 6–1 through 6–8).

Plaintiff responded to Defendant's motion (Doc. 10), to which she also attached a number of exhibits, including: an "affirmation" by her attorney Jillian T. Weiss (Exhibit 1) with attached Appendices—correspondence between Ms. Weiss and the EEOC regarding Ms. Weiss's Freedom of Information Act request (Appendices A, B); the affidavit of Manuel Zurita and attached EEOC documents, including the EEOC's December 19, 2012 decision on Plaintiff's request for reconsideration (Appendix C); Plaintiff's Declaration (Exhibit 2) with attached Appendices—employment-related documents Plaintiff allegedly gave an EEOC investigator on January 12, 2010 (Appendices A, B); Declaration of Cody Chavez, Plaintiff's son (Exhibit 3); Declaration of Reverend Dr. Erin K. Swenson (Exhibit 4); and Declaration of Danielle Marie Reagan (Exhibit 5). (*See* Doc. 10–1 through 10–5). Plaintiff also moved to strike Exhibit 1 to Defendant's motion. (Doc. 11).

Defendant filed a reply in support of its motion to dismiss (Doc. 12), to which it attached authenticated copies of the EEOC's May 7, 2012 letter to Plaintiff, the EEOC's May 10, 2012 dismissal and notice of right to sue, and the EEOC's August 1, 2012 pre-determination letter

(*see* Doc. 12–1). Defendant also moved to strike the declarations Plaintiff submitted with her response, either in whole or in part. (Doc. 14). Plaintiff filed a response to that motion (Doc. 17), and a motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply in order to address arguments made in Defendant's reply concerning an EEOC decision issued in April 2012, *Macy v. Holder*, ATF–2011–00751, concerning discrimination based on transgender status (Doc. 15). Defendant opposed Plaintiff's motion to strike and pointed out, correctly, that its reply was timely filed. (Doc. 16). Plaintiff filed a reply in which she conceded that Defendant's reply was timely and withdrew "the portion of her second Motion to Strike that relates to late responses under [the Local Rules]." (Doc. 18 at 1). Accordingly, Plaintiff's motion to strike Defendant's reply (Doc. 15) is **DENIED.** Plaintiff continues to request permission to file a surreply to address Defendant's arguments concerning the *Macy v. Holder* decision, in the event the Court finds that issue relevant to the determination of Defendant's motion to dismiss (*id.* at 2). The undersigned finds that a surreply is unnecessary to the resolution of Defendant's motion, and therefore, Plaintiff's motion to file a surreply (Doc. 15) is also **DENIED.**

## Discussion

### I. *The Parties' Motions to Strike Exhibits*

Plaintiff moves to strike Exhibit 1 to Defendant's motion to dismiss, i.e., a copy of a Georgia Department of Labor decision denying Plaintiff unemployment benefits, on the ground that the decision "relates to the Plaintiff's substantive employment discrimination claim," and is immaterial to the resolution of Defendant's motion to dismiss based on failure to exhaust administrative remedies. (Doc. 11 at 20). Defendant moves to strike the declarations

attached to Plaintiff's response to Defendant's motion to dismiss on the grounds that the declarations contain allegations not based on personal knowledge, contain inadmissible hearsay, and are "self-serving and not credible." (Doc. 14). These motions are due to be denied.

■ The Court has repeatedly explained that a motion to strike is not the proper vehicle for challenging matters not contained in pleadings, which FED. R. CIV. P. 7(a) defines to include complaints, answers and court-ordered replies to answers, but not briefs or supporting exhibits. *See, e.g., Circle Group, LLC v. Southeastern Carpenters Reg'l Council,* 836 F.Supp.2d 1327, 1349 (N.D.Ga.2011) (explaining that "[m]otions to strike are governed by Federal Rule of Civil Procedure 12(f)," which "rule applies to pleadings, not to motions or briefs filed in support of motions"); *see also JP Morgan Chase Bank, N.A. v. Sampson,* No. 1:10-cv-1666-JEC, 2012 WL 949698, at *2, 2012 U.S. Dist. LEXIS 37514, at *6 (N.D.Ga. Mar. 20, 2012) (denying motion to strike late-filed response brief and explaining that " '[t]he terms of Rules 12(f) and 7(a) make clear that only material included in a pleading may be subject of a motion to strike and that motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike' " (quoting *Jeter v. Montgomery Cnty.,* 480 F.Supp.2d 1293, 1296 (M.D.Ala. 2007))); *Hawk v. Atlanta Peach Movers, Inc.,* No. 1:10-CV-0239-JFK, 2011 WL 1533024, at *1-2, 2011 U.S. Dist. LEXIS 43724, at *2-3 (N.D.Ga. Apr. 21, 2011) (denying the plaintiff's motion to strike several documents, including an affidavit, that were not pleadings). Accordingly,

the parties' motions to strike exhibits (Docs. 11, 14) are **DENIED.**

■ However, the Court will consider the parties' arguments in support of their motions to strike as objections to the exhibits at issue and discuss where relevant. *See, e.g., Hawk,* 2011 WL 1533024, at *1-2, 2011 U.S. Dist. LEXIS 43724, at *3-4 (considering motion to strike as a notice of objection); *Carroll v. Tavern Corp.,* Nos. 1:08-CV-2514-TWT-JFK, 1:08-CV-2554-TWT-JFK, 2011 WL 1102698, at *15-16, 2011 U.S. Dist. LEXIS 30126, at *44-45 (N.D.Ga. Feb. 9, 2011) (denying motion to strike but considering motion as objections).[1]

## II. *Defendant's Motion to Dismiss*

### A. *Motion to Dismiss Standard*

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. Rule 8. That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

In general, when "considering a defendant's motion to dismiss under Rule 12(b)(6), the allegations in the complaint must be accepted as true and construed in

---

1. The undersigned agrees with Plaintiff that Exhibit 1 to Defendant's motion to dismiss, i.e., a Department of Labor decision denying

Plaintiff unemployment benefits, has no bearing on the resolution of Defendant's motion.

the light most favorable to the plaintiff." *Tri–State Consumer Ins. Co. v. LexisNexis Risk Solutions, Inc.,* 823 F.Supp.2d 1306, 1314 (N.D.Ga.2011) (citing *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003)). However, when considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, such as the pending motion, " 'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.' " *Tillery v. U.S. Dep't of Homeland Sec.,* 402 Fed.Appx. 421, 424 (11th Cir. 2010) (unpublished decision) (quoting *Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir.2008)); *see also Graton v. Owens,* No. 7:09–CV–99 (HL), 2010 WL 3123159, at *1, 2010 U.S. Dist. LEXIS 79979, at *4 (M.D.Ga. July 13, 2010) (noting that "[t]he Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case" (citing *Bryant,* 530 F.3d at 1376–77)), *adopted by* 2010 WL 3123139, 2010 U.S. Dist. LEXIS 79960 (M.D.Ga. Aug. 9, 2010).

### B. *Plaintiff's "Claim" Under 42 U.S.C. § 1981(a)*

Defendant moves to dismiss Plaintiff's claim under 42 U.S.C. § 1981(a) because § 1981(a) "does not afford protection on the basis of sex," but rather, prohibits discrimination on the basis of race. (*See* Doc. 6 at 8–9). In response to Defendant's motion, and within the time allowed by FED. R. CIV. P. 15, Plaintiff filed an Amended Complaint, in which she correctly asserts her claim for damages under Title VII pursuant to 42 U.S.C. § 1981a. (*See* Doc. 9 at ¶ 1). Thus, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1981(a) "claim" be **DENIED as moot.**

### C. *Plaintiff's Title VII Sex Discrimination Claim* [2]

The threshold issue with respect to Plaintiff's Title VII claims concerns whether she timely filed an EEOC charge. As is shown below, because the undersigned has determined that she did not, the issue of whether equitable tolling excuses her delay must be addressed.

#### 1. Did Plaintiff File A Timely EEOC Charge?

Defendant moves to dismiss Plaintiff's Complaint on the ground that she failed to timely exhaust her administrative remedies, i.e., she failed to file an EEOC charge within 180 days of her termination as required by 42 U.S.C. § 2000e–5(e)(1). (*See* Doc. 6 at 5–6). "Before suing under Title VII, a plaintiff must first exhaust her administrative remedies." *H & R Block E. Enters. v. Morris,* 606 F.3d 1285, 1295 (11th Cir.2010). "To do so, a plaintiff must file a timely charge of discrimination with

---

**2.** Although Plaintiff's Amended Complaint supersedes her original Complaint, *Fritz v. Standard Sec. Life Ins. Co.,* 676 F.2d 1356, 1358 (11th Cir.1982), the Court may consider Defendant's motion to dismiss the original Complaint as being directed towards the Amended Complaint, because the issue of exhaustion of administrative remedies remains unresolved despite the filing of the Amended Complaint. *See* 6 Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

the EEOC within 180 days of the last discriminatory act." *Id.; see also Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir.2003) (explaining that "[b]ecause Georgia is a non-deferral state, [the plaintiff] was required to file a Charge of Discrimination within 180 days of the alleged unlawful employment action" (citing 42 U.S.C. § 2000e–5(e)(1))).

In this case, Plaintiff alleges that she was terminated on January 11, 2010, and therefore, to timely exhaust her administrative remedies, she was required to file a charge with the EEOC within 180 days of that date. Defendant has shown that Plaintiff filed an EEOC charge on April 25, 2012 in which she alleged that Defendant terminated her because of her sex in January 2010 (*see* Doc. 6–2), well beyond the 180–day period.

■ Plaintiff argues, however, that she "acted diligently and timely in bringing her charge to the EEOC on the very next day after her employment was terminated and the EEOC has so found." (Doc. 10, Pl. Br. at 1). The undersigned disagrees. Plaintiff has not shown that she filed a charge of discrimination within the 180–day period. Plaintiff bears the burden of proving that she has filed "a valid and timely-filed EEOC charge." *Rizo v. Ala. Dep't of Human Res.*, 228 Fed.Appx. 832, 836 (11th Cir.2007) (unpublished decision); *see also Owens v. Omni Hotels Mgmt. Corp.*, No. 1: 11–cv–00699–TWT–RGV, 2012 WL 1454082, at \*5, 2012 U.S. Dist. LEXIS 57896, at \*18 (N.D.Ga. Mar. 27,

2012) (explaining that "[w]hen a defendant disputes that a plaintiff has exhausted administrative remedies or denies that the plaintiff has fulfilled the preconditions to suit, the 'plaintiff then bears the burden of proving that the conditions precedent … have been satisfied' " (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir.1982))).

■ Although Plaintiff has presented evidence that she spoke with EEOC personnel within the 180–day period and submitted documentation concerning her allegations of discrimination (*see* Doc. 10–2), she has not pointed to evidence that she actually filed a charge [3], or that the documentation she submitted, including a Department of Labor Separation Notice and her handwritten notes about the alleged discrimination, satisfy the charge requirement. The EEOC requires that a Title VII charge be "in writing and signed and … verified." 29 C.F.R. § 1601.9. The EEOC defines "verified" as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). None of the documents presented by Plaintiff satisfy those requirements, particularly the verification requirement, and therefore, Plaintiff has not shown that she filed "a valid and timely-filed EEOC charge." *Rizo*, 228 Fed. Appx. at 836.[4]

---

**3.** In fact, as discussed below, Plaintiff alleges that she was prevented from doing so by the EEOC.

**4.** Plaintiff cites *Federal Express Corporation v. Holowecki*, 552 U.S. 389, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008) in support of her assertion that her documents satisfied the charge-filing requirement (*see* Doc. 10 at 8–10), but her reliance on that case is misplaced. In *Holow-*

*ecki*, 552 U.S. 389, 128 S.Ct. 1147 (2008), the Court held that an unverified intake questionnaire in an Age Discrimination in Employment Act ("ADEA") case could meet the EEOC's standards for determining what constituted a charge. However, the Court stressed that "employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." *Id.* at

Furthermore, her assertion that the "EEOC has so found" that she timely brought a charge the day after she was terminated is unsupported. The EEOC initially dismissed her April 25, 2012 charge as untimely (*see* Docs. 6–4, 6–5), and in denying reconsideration of the dismissal, the EEOC considered the merits of Plaintiff's charge and "determined the charge should be dismissed on the merits—not because it was untimely filed." (*See* Doc. 10–1 at 18). That language does not indicate that the EEOC found that Plaintiff timely filed a charge the day after she was terminated, or at any point within the 180 day period, but instead, chose to reach the merits of her April 25, 2012 charge rather than dismiss it as untimely.

## 2. Does Equitable Tolling Apply To Excuse The Late Filing?

Plaintiff further argues that, even if the Court finds that she did not timely file her charge, the Court should equitably toll the statute of limitations period because EEOC personnel prevented her from being able to file a charge because they misinformed her about her rights. (Doc. 10 at 12–14). Specifically, she alleges that she tried to file a charge the day after she was terminated, but that EEOC personnel told her that she could not file a charge of sex discrimination based on being transgender. (*Id.* at 13–14; *see also* Doc. 10–2).

 "Title VII's timely-filing requirement is non-jurisdictional, so it may be subject to equitable tolling." *Bourne v. Sch. Bd.*, 508 Fed.Appx. 907, 909 (11th Cir.2013). "A court may toll a statute of

limitations only if it finds that an inequitable event prevented the plaintiff from filing a timely action, *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir.1993), and the plaintiff has the burden in establishing the grounds for equitable tolling, *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir.2004)." *Patel v. Ga. Dep't of Behavioral Health & Devel.*, 517 Fed. Appx. 750, 753 (11th Cir.2013) (unpublished decision). "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost*, 372 F.3d at 1242 (quotation omitted). The Eleventh Circuit has "recognized three distinct situations in which the Title VII limitation periods may be equitably tolled:

(1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII."

*Jones v. Wynne*, 266 Fed.Appx. 903, 906 (11th Cir.2008) (unpublished decision) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir.1979))[5]. This case implicates the third scenario, i.e., the EEOC allegedly mislead Plaintiff by informing her that she could not file a charge alleging that she had been discrimi-

393, 128 S.Ct. 1147. While EEOC charges in ADEA cases are not required to be verified, EEOC charges filed in Title VII cases must be verified, and therefore, an unverified EEOC intake questionnaire, or other document, does not meet the EEOC's standards for determining what constitutes a charge. *See, e.g., Francois v. Miami Dade Cnty. Port of Miami*, 432 Fed.Appx. 819 (11th Cir.2011) (unpublished

decision); *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304 (11th Cir.2001).

5. Decisions of the Fifth Circuit handed down before Oct. 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

nated against on the basis of sex because she is transgender.

In considering whether Plaintiff has shown that the EEOC mislead her about the nature of her rights under Title VII, the undersigned notes that case law concerning the protections afforded by Title VII to transgender or transsexual individuals has evolved. Although the Eleventh Circuit has not explicitly addressed whether *Title VII* prohibits discrimination against transgender or transsexual individuals, the court has recently held that "discrimination against a transgender individual because of her gender non-conformity is sex discrimination, whether it's described as being on the basis of sex or gender," and "constitutes sex-based discrimination under the Equal Protection Clause" of the Fourteenth Amendment. *Glenn v. Brumby,* 663 F.3d 1312, 1316–17 (11th Cir.2011). In reaching that decision, the court acknowledged that, prior to the Supreme Court's decision in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), "several courts concluded that Title VII afforded no protection to transgender victims of sex discrimination." *Glenn,* 663 F.3d at 1318 n. 5 (listing cases). However, in *Price Waterhouse,* the Court held "that Title VII barred not just discrimination because of biological sex, but also gender stereotyping—failing to act and appear according to expectations defined by gender." *Id.* at 1316.[6] Following the *Price Waterhouse* decision, several circuits and district courts have held that "discrimination against a transgender individual because of her gen-

der non-conformity is sex discrimination, whether it's described as being on the basis of sex or gender." *Id.* at 1317 (listing cases).

The parties acknowledge that in April 2012, shortly before Plaintiff filed her April 25, 2012 charge with the EEOC, the EEOC issued a decision in *Macy v. Holder,* in which it concluded that discrimination against a transgender individual is discrimination on the basis of sex in violation of Title VII. It is not clear whether that decision represents a change in the EEOC's interpretation of Title VII's protections, nor is it clear whether, in 2010, the EEOC, as a matter of policy, considered claims of transgender individuals to be actionable under Title VII or to what extent.[7] Therefore, it is unknown whether the individuals with whom Plaintiff allegedly communicated in 2010 acted pursuant to EEOC policy, or whether they acted pursuant to a misunderstanding of policy. Furthermore, regardless of the EEOC's interpretation, it appears that as of 2010, many courts had recognized that Title VII protected discrimination against transgender or transsexual individuals who claimed that their employer discriminated against them for failing to conform to sex-based stereotypes. Thus, if EEOC personnel in fact prohibited Plaintiff from filing a charge of discrimination based on her status as a transgender individual, they may have mislead her concerning her rights, sufficient to trigger equitable tolling of the 180–day statute of limitations.

**6.** *Price Waterhouse* did not involve a transgender individual, but rather, a woman who alleged that her employer did not promote her to partner because she did not conform to gender-based stereotypes about women, e.g., she was too aggressive, she used profanity, and she should "walk more femininely, talk more femininely, dress more femininely, wear

make-up, have her hair styled, and wear jewelry." 490 U.S. at 234–35, 109 S.Ct. 1775.

**7.** The undersigned notes that in the EEOC's May 7, 2012 letter to Plaintiff notifying her that her April 2012 charge was being dismissed as untimely, the EEOC refers to "the new interpretation of the law," but does not elaborate on that reference. (*See* Doc. 6–4).

Turning to the evidence bearing on the issue of equitable tolling, Plaintiff has offered her own declaration testimony that in January 2010 and in September 2010, she went to the EEOC and provided information and documents concerning her discrimination claim, but on both occasions EEOC personnel told her that she could not file a charge of discrimination based on sex because she is transgender. (See Doc. 10–2).[8] Defendant challenges this evidence as "self-serving and not credible" (see Doc. 14 at 3), but the undersigned notes that in a December 19, 2012 letter, the EEOC indicated "A review of our records revealed that Ms. Chavez visited the Atlanta District Office on January 12, 2010, to file a charge of employment discrimination against Credit Nation," but that a charge "was not filed at that time." (See Doc. 10–1 at 18). That letter lends credence to Plaintiff's assertion that she went to the EEOC the day after she was terminated.

If credited, Plaintiff's testimony tends to show that Plaintiff attempted to exhaust her administrative remedies in a timely manner, but was thwarted by the EEOC, one of the circumstances that would warrant the application of equitable tolling to the statute of limitations in this case. See, e.g., Smith v. Baldwin Cnty. Comm'n, No. 09–0616–CG–M, 2010 WL 2200713, at *3, 2010 U.S. Dist. LEXIS 52845, at *7–10 (S.D.Ala. Mar. 26, 2010) (finding that statute of limitations was equitably tolled where an EEOC investigator provided plaintiff "with misinformation which resulted in Plaintiff's failure to raise a claim of retaliation against Defendant," i.e., he incorrectly told the plaintiff she did not have

a retaliation claim), adopted by 2010 WL 2605723, 2010 U.S. Dist. LEXIS 64520 (S.D.Ala. June 25, 2010). However, on the state of the record and at this stage of the litigation, the undersigned is reluctant to find that the limitations period should be equitably tolled. Although the Court may "consider facts outside the pleadings and resolve factual disputes" related to exhaustion, that is only the case so long as, among other things, "the parties have sufficient opportunity to develop a record.'" Tillery, 402 Fed.Appx. at 424. It does not appear that the parties have had a full opportunity to develop the record, particularly with respect to Plaintiff's interactions with the EEOC which she alleges prevented her from filing a charge during the 180–day period.

Rather than trying to determine whether Plaintiff's presentation at this stage definitively shows that equitable tolling applies, the undersigned finds that the better approach is to allow the parties to engage in discovery concerning Plaintiff's efforts to exhaust her administrative remedies. Then, if appropriate, the parties may ask the Court to revisit this issue with a more fully developed record. See, e.g., Bradley v. DeKalb Cnty., No. 1:10–CV–0218–TWT–GGB, 2010 WL 4639240, at *4, 2010 U.S. Dist. LEXIS 118467, at *11 (N.D.Ga. May 17, 2010) (recommending that motion to dismiss be denied because "[a]t this stage of the proceedings, the parties have not had a sufficient opportunity to develop the record for the court, on a motion to dismiss, to resolve a factual dispute regarding exhaustion of administrative remedies"), adopted by 2010 WL 4638887, 2010 U.S.

---

**8.** Plaintiff also presents declarations of a family member and friends who testified that Plaintiff told her in 2010 that she had gone to the EEOC to file a claim. (See Docs. 10–3 through 10–5). The undersigned agrees with Defendant that that testimony is hearsay, and

should not be considered for the truth of the matter asserted, i.e., that Plaintiff in fact went to the EEOC, but it does evidence Plaintiff's contemporaneous understanding that she needed to pursue her administrative remedies through the EEOC.

Dist. LEXIS 118449 (N.D.Ga. Nov. 4, 2010); *see also Page v. Postmaster Gen.*, 493 Fed.Appx. 994, 998 (11th Cir.2012) (unpublished decision) (vacating grant of motion to dismiss plaintiff's complaint as time-barred, and remanding "to hold an evidentiary hearing or to allow the case to proceed so that the record may be more fully developed" on the issue of equitable tolling); *Linton v. Rowan–Cabarrus Comm. College*, No. 1:10CV404, 2013 WL 1331680, at *5, 2013 U.S. Dist. LEXIS 45403, at *14 (M.D.N.C. Mar. 29, 2013) (denying motion to dismiss because "Plaintiff has plausibly alleged sufficient facts to reasonably invoke the doctrine of equitable tolling," but noting that "Defendants may raise this issue after discovery on a motion for summary judgment").

Therefore, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's Title VII claim be **DENIED without prejudice**, that Defendant be required to answer Plaintiff's Amended Complaint, and that discovery proceed, both on the underlying merits of Plaintiff's Title VII claim, as well as the issue of whether the statute of limitations period should be equitably tolled.

### Summary

It is **ORDERED** that Plaintiff's motion to strike Exhibit 1 to Defendant's motion to dismiss (Doc. 11); Defendant's motion to strike declarations submitted by Plaintiff in support of her response to Defendant's motion to dismiss (Doc. 14); and Plaintiff's motion to strike Defendant's reply as untimely, or in the alternative, to file a surreply (Doc. 15) are **DENIED.**

It is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 6) be **DENIED in part as moot** with respect to Plaintiff's 42 U.S.C. § 1981(a) "claim," and **DENIED in part without prejudice** with respect to Plaintiff's Title VII sex discrimination claim.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 29th day of April, 2013.